UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK GRAHAM, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>RIVERVIEW PSYCHIATRIC CENTER,)<br>)<br>Defendant ) | 1:22-cv-00234-JDL |

**RECOMMENDED DECISION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff, a former resident of the Riverside Psychiatric Center, alleges in part that he has received inadequate treatment at Riverview for a medical condition.[1] Because the Court had previously issued an order restricting Plaintiff's ability to file new lawsuits that involve allegations of him being poisoned at Maine penal institutions, and because Plaintiff's complaint included such allegations, the Court ordered Plaintiff to show cause as to why his filing did not violate the Court's order. (Order to Show Cause, ECF No. 3.)

In his response to the show cause order, Plaintiff maintains the Court's order does not apply because the allegations do not include a penal institution, that the case "is not about food druggings," and that the case is about the failure to provide treatment to Plaintiff. (Response at 3a – 5, ECF No. 5.)  Plaintiff subsequently filed two motions for

---

[1] Although Plaintiff's initial filing is entitled a request for habeas relief in accordance with 28 U.S.C. § 2241, in his response to the order to show cause, Plaintiff alleges he seeks money damages and injunctive relief.  He also asserts his claim is based on Defendant's alleged deliberate indifference to a medical condition.  I, therefore, construe Plaintiff's filing as a complaint pursuant to 42 U.S.C. § 1983.

leave to file the complaint (ECF Nos. 6, 8), and multiple motions for temporary or preliminary injunctions. (ECF Nos. 4, 7.)

After review of Plaintiff's filings, I recommend the Court dismiss the complaint. If the Court concludes dismissal is not warranted, I recommend the Court deny Plaintiff's requests for temporary and preliminary injunctions.

## DISCUSSION

The order restricting Plaintiff's ability to file further lawsuits prohibited Plaintiff from filing claims "involving any allegations of him being poisoned at any Maine penal institutions without prior permission of this Court." *Graham v. Costello*, Nos. 1:22-cv-00070-JDL, 2:22-cv-00079-JDL, at 6 (D. Me. June 6, 2022). While Defendant is not a penal institution, Plaintiff is evidently a resident of Riverview, in lieu of a penal institution, as the result of state court criminal proceedings. (*See, e.g.*, Petition/Complaint at 7.) The Court's plain intent was to restrict Plaintiff's ability to file lawsuits which include allegations of tainted water and food against institutions or facilities in which he was confined. Plaintiff's complaint includes such allegations. Plaintiff cannot circumvent the clear directive of the Court simply because his current place of confinement is not a penal institution. Plaintiff's attempt to distinguish this action from the dismissed actions based on the nature of the institution and some of the allegations is unpersuasive. Plaintiff's complaint is within the scope of the Court's order. If the Court concludes its restrictive order does not apply, dismissal of Plaintiff's complaint is nevertheless warranted.[2]

---

[2] Issues of subject matter jurisdiction "can be raised sua sponte at any time" because they relate to the fundamental Article III limitations on federal courts. *See McBee v. Delica Co.*, 417 F.3d 107, 127 (1st Cir.

2

Plaintiff maintains this case is not about tainted food and water. Plaintiff contends his claim is based on Defendant's alleged deliberate indifference to a serious medical condition. Plaintiff asserts he has received no medical treatment.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. From this prohibition, "courts have derived the principles that govern the permissible conditions under which prisoners are held and that establish the medical treatment those prisoners must be afforded." *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "The Eighth Amendment, applied to the states through the Fourteenth Amendment, protects

---

2005). Courts have determined that this principle includes sua sponte dismissals prior to service of process on the named defendants when the complaint is frivolous or obviously lacks merit:

> Because [Plaintiff] is neither a prisoner nor proceeding in forma pauperis in district court, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A, permitting sua sponte dismissal of complaints which fail to state a claim are inapplicable. However, frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid. In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.

*Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) (internal citations omitted); *see also*, *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) ("Contrary to appellant's assertions, a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed.R.Civ.P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction"); *Rutledge v. Skibicki*, 844 F.2d 792 (9th Cir. 1988) ("The district court may sua sponte dismiss a complaint prior to the issuance of a summons if the court clearly lacks subject matter jurisdiction or lacks jurisdiction because the claim is wholly insubstantial and frivolous"); *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994) (suggesting that dismissal for lack of jurisdiction may be warranted for complaints such as "bizarre conspiracy theories," "fantastic government manipulations of their will or mind," or "supernatural intervention"). A court's expeditious sua sponte review is based on the longstanding doctrine that federal subject matter jurisdiction is lacking when the federal issues are not substantial. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (jurisdiction is lacking when claims are "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," "no longer open to discussion," "essentially fictitious," or "obviously without merit"); *Swan v. United States*, 36 F. App'x 459 (1st Cir. 2002) ("A frivolous constitutional issue does not raise a federal question, however").

incarcerated people from state corrections officials' 'deliberate indifference to serious medical needs.'" *Zingg v. Groblewski*, 907 F.3d 630, 634-35 (1st Cir. 2018) (quoting *Feeney v. Corr. Med. Servs.*, Inc., 464 F.3d 158, 161-62 (1st Cir. 2006); *see Perry v. Roy*, 782 F.3d 73, 78 (1st Cir. 2015). To allege "a claim of deliberate indifference based on inadequate or delayed medical care, 'a plaintiff must satisfy both a subjective and objective inquiry.'" *Perry*, 782 F.3d at 78 (quoting *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011)).

First, to demonstrate a claim under the objective prong, a plaintiff "must show that []he has a serious medical need for which []he has received inadequate treatment." *Kosilek*, 774 F.3d at 85. For a medical condition to be objectively "serious," there must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). This "requires that the need be 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Kosilek*, 774 F.3d at 82 (quoting *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990)). However, this "does not impose upon prison administrators a duty to provide care that is ideal, or of the prisoner's choosing." *Id.* (citations omitted). "Rather, the Constitution proscribes care that is 'so inadequate as to shock the conscience.'" *Id.* at 83 (quoting *Torraco v. Maloney*, 923 F.2d 231, 235 (1st Cir. 1991)).

Second, under the subjective prong, "a plaintiff must show 'that prison officials possessed a sufficiently culpable state of mind, namely one of deliberate indifference to an

4

inmate's health or safety.'" *Perry*, 782 F.3d at 78 (quoting *Leavitt*, 645 F.3d at 497). Thus, "even if medical care is so inadequate as to satisfy the objective prong, the Eighth Amendment is not violated unless prison administrators also exhibit deliberate indifference to the prisoner's needs." *Kosilek*, 774 F.3d at 83. "For purposes of this subjective prong, deliberate indifference 'defines a narrow band of conduct,' and requires evidence that the failure in treatment was purposeful." *Id.* (citation omitted) (quoting *Feeney*, 464 F.3d at 162); *see Perry*, 782 F.3d at 79 (stating that deliberate indifference "requires evidence that the absence or inadequacy of treatment is intentional"). A constitutional claim may arise when "the treatment provided [was] so inadequate as 'to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.'" *Leavitt*, 645 F.3d at 497 (quoting *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). However, "when a plaintiff's allegations simply reflect a disagreement on the appropriate course of treatment, such a dispute with an exercise of professional judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation." *Feeney*, 464 F.3d at 162 (alterations and quotation marks omitted). Moreover, "[p]rison officials 'who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.'" *Giroux v. Somerset County*, 178 F.3d 28, 33 (1st Cir. 1999) (quoting *Farmer*, 511 U.S. 825 at 844); *see Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002) (recognizing that the focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response").

Plaintiff has arguably alleged facts that would support a finding that he has a serious medical condition. Plaintiff has thus satisfied the objective prong of the deliberate indifference standard. *See Kosilek*, 774 F.3d at 82. To satisfy the subjective prong of the deliberate indifference standard, Plaintiff's allegations must also support a finding that the alleged inadequate medical care was "purposeful." *Kosilek*, 774 F.3d at 83. Plaintiff has not alleged facts that would support a claim that Defendant purposefully provided inadequate medical care. In his complaint, Plaintiff included a May 4, 2022, report, which reveals that medical providers recommended a trial of antipsychotic medications, but Plaintiff did not consent to the treatment. (Complaint at 6.) The report thus reveals that if Plaintiff has received no treatment as alleged, the lack of treatment is the result of his refusal to consent to treatment rather than a deliberate decision by Defendant not to provide treatment. Accordingly, Plaintiff has not alleged an actionable deliberate indifference claim.

Even if the Court were to conclude Plaintiff alleged sufficient facts to support a deliberate indifference claim, Plaintiff is not entitled to the injunctive relief he seeks at this stage of the proceedings. Plaintiff recently notified the Court that he is no longer a resident with Defendant. (Notice, ECF No. 9.) Plaintiff's request for injunctive relief as to Defendant, therefore, is moot.

Furthermore, Plaintiff has not satisfied the requirements for injunctive relief. When evaluating a request for injunctive relief, courts "must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as

6

contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996) (citing *Weaver v. Henderson,* 984 F.2d 11, 12 &n.3 (1st Cir. 1993), and *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir. 1991)). "The sine qua non of this four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

Because Plaintiff has not shown cause to file a claim that is within the scope of the Court's order restricting his ability to file further lawsuits and, alternatively, because the May 4, 2022, Psychiatric Report reflects the alleged lack of treatment is the result of Plaintiff's refusal to consent to treatment rather than Defendant's failure to provide treatment, Plaintiff has not demonstrated that he is likely to prevail on the claim he asserts in this case. Plaintiff, therefore, has failed to establish that he is entitled to injunctive relief against the defendants in this case.

## CONCLUSION

Based on the foregoing analysis, I recommend:

1. The Court find the complaint is within the scope of the Court's order restricting his ability to file further lawsuits without prior approval of the Court and, therefore, find Plaintiff has failed to show cause (ECF No. 3).

2. The Court deny Plaintiff's motions for leave to file the complaint (ECF Nos. 6, 8 ) as Plaintiff alleges baseless allegations similar to the allegations in cases the Court previously dismissed.

3. Alternatively, the Court (a) find Plaintiff has failed to allege an actionable claim for deliberate indifference and (b) dismiss Plaintiff's complaint.

4. Alternatively, the Court deny Plaintiff's requests for injunctive relief (ECF Nos. 4, 7).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 9th day of November, 2022.