UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK GRAHAM, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|        v. | )     1:22-cv-00234-JDL |
| | ) |
| RIVERVIEW PSYCHIATRIC CENTER, | ) |
| | ) |
| | ) |
|    Defendant. | ) |

## ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

Plaintiff Mark Graham filed a petition for Writ of Habeas Corpus, pursuant to 28 U.S.C.A. § 2241 (West 2022), on July 28, 2022, while he was a resident at Riverview Psychiatric Center (ECF No. 1).[1] Graham alleges that the Riverview staff are acting in violation of his Eighth Amendment rights because they are (1) intentionally placing chemicals and drugs in his food and water; (2) intentionally ignoring his sick call complaints; (3) intentionally misdiagnosing him; (4) intentionally treating his medical needs "with deliberate indifference"; and (5) acting with criminal recklessness. ECF No. 1-2 at 9. He contends that he has shown a serious medical need that satisfies the objective prong of an Eighth Amendment claim, and that he has satisfied the subjective prong because the staff knew about his

---

[1] Graham filed the petition seeking habeas relief pursuant to 28 U.S.C.A. § 2241, however, as noted by Judge Nivison, the filing includes requests for money damages and injunctive relief, and also asserts a deliberate indifference claim under the Eighth Amendment.  I therefore refer to his petition as the Complaint.

1

mental health diagnoses and refused to offer the correct treatment or provide "less intrusive types of treatment." ECF No. 1-2 at 15.

United States Magistrate Judge John C. Nivison issued an Order to Show Cause (ECF No. 3) requiring Graham to show why the filing did not violate a previous *Cok* Order restricting Graham from filing any claims "involving allegations of him being poisoned at any Maine penal institutions without prior permission of this Court." *Graham v. Costello*, No. 1:22-cv-00070-JDL, ECF No. 24 at 6 (D. Me. June 6, 2022).[2] On August 26, 2022, Graham responded that the restriction did not apply because he has not brought claims against a "penal institution" and they are not about "food drugging" but rather about inadequate medical treatment at Riverview. ECF No. 5 at 5-6. Included in Graham's response was a Motion for Leave of Court to File a Complaint (ECF No. 6), reiterating that his claims were against Riverview only—not the Cumberland County Jail or Maine State Prison—and that he had not alleged "food druggings." *Id.* at 6. On August 30, 2022, Graham submitted a second filing entitled "Motion for Leave of Court to File a Case" which consisted solely of a proposed complaint (ECF No. 8).

On August 22, 2022, Graham filed a Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 4), requesting that the Court order various food tests, medical tests, and psychological tests and order his release on pre-

---

[2] See also *Graham v. Costello*, No. 2:22-cv-00079-JDL, ECF No. 10 at 6. The *Cok* Order specified that if Graham seeks to file a lawsuit involving similar allegations, he "must first file a motion for leave to file the complaint. Any motion for leave to file such a complaint must not exceed three pages . . .[and] Graham must explain the basis of the complaint he seeks to file, and he must attach the proposed complaint to the motion." *Id.* It also prohibits Graham "from filing duplicative documents without prior permission from this Court." *Id.*

conviction bail.  He filed a second Motion for Preliminary Injunction and Temporary Restraining Order on August 30, 2022 (ECF No. 7), claiming that (1) he will suffer irreparable injury and permanent brain injuries (allegedly from the drugs and chemicals in his food) absent injunctive relief; (2) the staff at Riverview will not be harmed as a result of the requested relief; (3) he will succeed on the merits of his claims with further investigation and discovery; and (4) the public interest will not suffer.  He requests various types of testing, as well as a transfer to another hospital, pain management medication, and a new team of doctors.

Judge Nivison filed his Recommended Decision (ECF No. 10) on the Complaint (ECF No. 1) and the Motions for Preliminary Injunctions (ECF Nos. 4, 7) with the Court on November 9, 2022, pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2022) and Fed. R. Civ. P. 72(b).  Judge Nivison recommends dismissing Graham's Complaint, either on the grounds that Graham has violated the *Cok* Order or because he has failed to state a deliberate indifference claim under the Eighth Amendment.  If the Court does not find that dismissal is warranted, Judge Nivison alternatively recommends denying Graham's requests for injunctive relief because he has not demonstrated a likelihood of success on the merits.  The time within which to file objections has expired, and no objections have been filed.  The Magistrate Judge provided notice that a party's failure to object would waive the right to *de novo* review and appeal.

I have reviewed and considered the Recommended Decision, together with the entire record, and have made a *de novo* determination of all matters adjudicated by

the Magistrate Judge. For the reasons set forth in the Recommended Decision, I concur that Graham violated the standing *Cok* Order[3] and failed to state a claim for deliberate indifference in both his original filing and his proposed complaint. Furthermore, on October 24, 2022, Graham notified the Court that he is now a resident at the Intensive Mental Health Unit at Maine State Prison (ECF No. 9), rendering his motions for preliminary injunctions against Riverview Psychiatric Center moot.

It is therefore **ORDERED** that the Recommended Decision (ECF No. 10) of the Magistrate Judge is hereby **ACCEPTED**, Graham's Complaint (ECF No. 1) is **DISMISSED**, and his Motion for Leave to File a Complaint (ECF No. 6) and his Motion for Leave to File a Case (ECF No. 8) are **DENIED**. It is further **ORDERED** that Graham's Motions for Preliminary Injunctions (ECF Nos. 4, 7) are **DENIED**.

**SO ORDERED.**

**Dated this 16th day of December, 2022.**

                                                           /s/ **Jon D. Levy**
                                           **CHIEF U.S. DISTRICT JUDGE**

---

[3] While it appears that Graham attempted to comply with the *Cok* Order by filing two motions for leave to file (ECF Nos. 6, 8), he did so *after* filing his original Complaint and a Motion for Preliminary Injunction, and neither of the motions complied with the Order's requirements. He also did not seek leave to file duplicative motions and continued to request injunctive relief while both motions were pending with the Court.